IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AHLUWALIA ASSOCIATES, LLC | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-616-Y |
| | § | |
| VEOLIA NORTH AMERICA | § | |

## ORDER OF REFERRAL FOR MEDIATION IN AUGUST 2026

Pursuant to the Agreed Motion to Refer the Case for Mediation Before United States Magistrate Judge Hal R. Ray, Jr. filed June 9, 2025, this cause hereby **REFERRED FOR MEDIATION** to be conducted before United States Magistrate Judge Hal R. Ray Jr. at a mutually agreeable time during the month of **August 2026.** The parties must contact Magistrate Judge Ray within three days of the receipt of this order to schedule a date for mediation.  Should the parties be unable to agree to a date for the mediation, they will appear at the direction of Magistrate Judge Ray.

 Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of a mediator.  Mediation is private, confidential and privileged from discovery. After mediation, the Court will be advised by the mediator, parties and counsel only that the case did or did not settle.  The mediator shall not be a witness nor shall the mediator's records be subpoenaed or used as evidence.

Each party and its counsel shall be bound by the Rules for Mediation, attached as Exhibit A hereto, and shall complete such information forms as are furnished by Mediator.

Named parties shall be present during the entire mediation process and each corporate party must be represented by an executive officer with authority to negotiate a settlement.

No subpoenas, summonses, citations, or other process shall be served at or near the location of any mediation session, upon any person entering, leaving, or attending any mediation session.

Counsel and parties shall proceed in a good faith effort to resolve this case during the mediation proceedings.

The mediator, as a condition to accepting appointment, is directed to complete the Alternate Dispute Resolution Summary ("ADR Summary") attached as Exhibit B to this order and **electronically file** the ADR Summary **no later than 7 days after mediation.**[1]  If the parties' differences are resolved by mediation, an agreed motion to dismiss or stipulation of dismissal signed by counsel for all parties shall be filed no later than **twenty-one (21) days from the date of mediation.**

Failure to comply timely with this order will result in the appropriate sanctions, possibly including entry of dismissal or default judgment without further notice.

---

[1] This case has been assigned to the Electronic Case Filing ("ECF") system and once assigned, all pleadings must be filed electronically.  If the mediator is unable to electronically file the ADR Summary form, the mediator should return the form to Plaintiff's counsel for filing with the clerk.

The clerk of the Court is hereby **ORDERED** to transmit a copy of this order and a copy of the docket entries in this cause to Magistrate Judge Ray.

SIGNED July 7, 2026.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**
**TO**
**ORDER OF REFERRAL FOR MEDIATION**

RULES FOR MEDIATION

1.      **Definition of Mediation.**  Mediation is a process under which an impartial person, the mediator, facilitates communication between the parties to promote reconciliation, settlement or understanding among them.  The mediator may suggest ways of resolving the dispute, but may not impose his own judgment on the issues for that of the parties.

2.      **Agreement of Parties.**  Whenever the parties have agreed to mediation they shall be deemed to have made these rules, as amended and in effect as of the date of the submission of the dispute, a part of their agreement to mediate.

3.      **Consent to Mediator.**  The parties consent to the appointment of the individual named as mediator in their case.  The Mediator shall act as an advocate for resolution and shall use his best efforts to assist the parties in reaching a mutually acceptable settlement.

4.      **Conditions Precedent to Serving as Mediator.**  The Mediator shall not serve as a mediator in any dispute in which he has any financial or personal interest in the result of the mediation.  Prior to accepting an appointment, the Mediator shall disclose any circumstance likely to create a presumption of bias or prevent a prompt meeting with the parties.  In the event that the parties disagree as to whether the Mediator shall serve, the Mediator shall not serve.

5.      **Authority of Mediator.**  The Mediator does not have the authority to decide any issue for the parties, but will attempt to facilitate the voluntary resolution of the dispute by the parties.  The Mediator is authorized to conduct joint and separate meetings with the parties and to offer suggestions to assist the parties achieve settlement.  If necessary, the Mediator may also obtain expert advice concerning technical aspects of the dispute, provided that the parties agree and assume the expenses of obtaining such advice.  Arrangements for obtaining such advice shall be made by the Mediator or the parties, as the Mediator shall determine.

6.      **Commitment to Participate in Good Faith.**  While no one is asked to commit to settle their case in advance of mediation, all parties commit to participate in the proceedings in good faith with the intention to settle, if at all possible.

7.      **Parties Responsible for Negotiating Their Own Settlement.**  The parties understand that the Mediator will not and cannot impose a settlement in their case and agree that they are responsible for negotiating a settlement acceptable to them.  The Mediator, as an advocate for settlement, will use every effort to facilitate the negotiations of the parties.  The Mediator does not warrant or represent that settlement will result from the mediation process.

8.      **Authority of Representatives.  PARTY REPRESENTATIVES MUST HAVE AUTHORITY TO SETTLE AND ALL PERSONS NECESSARY TO THE DECISION TO SETTLE SHALL BE PRESENT.**  The names and addresses of such persons shall be communicated in writing to all parties and to the Mediator.

9.    **Time and Place of Mediation.**  The Mediator shall fix the time of each mediation session.  The mediation shall be held at the office of the Mediator, or at any other convenient location agreeable to the Mediator and the parties, as the Mediator shall determine.

10.    **Identification of Matters in Dispute.**   At or before the first session, the parties will be expected to produce all information reasonably required for the Mediator to understand the issues presented.  The Mediator may require any party to supplement such information.

11.    **Privacy.**  Mediation sessions are private.  The parties and their representatives may attend mediation sessions.  Other persons may attend only with the permission of the parties and with the consent of the Mediator.

12.    **Confidentiality.**  Confidential information disclosed to a Mediator by the parties or by witnesses in the course of the mediation shall not be divulged by the Mediator.  All records, reports or other documents received by a mediator while serving in that capacity shall be confidential.  The Mediator shall not be compelled to divulge such records or to testify in regard to the mediation in any adversary proceeding or judicial forum.  Any party that violates this agreement shall pay all fees and expenses of the Mediator and other parties, including reasonable attorneys' fees, incurred in opposing the efforts to compel testimony or records from the Mediator.

The parties shall maintain the confidentiality of the mediation and shall not rely on, or introduce as evidence in any arbitral, judicial or other proceeding:  a) views expressed or suggestions made by another party with respect to a possible settlement of the dispute;  b) admissions made by another party in the course of the mediation proceedings;  c) proposals made or views expressed by the Mediator; or  d) the fact that another party had or had not indicated willingness to accept a proposal for settlement made by the Mediator.

13.    **No Stenographic Record.**  There shall be no stenographic record of the mediation process.

14.    **Termination of Mediation.**  The mediation shall be terminated:  a) by the execution of a settlement agreement by the parties;  b) by declaration of the Mediator to the effect that further efforts at mediation are no longer worthwhile; or  c) after the completion of one full mediation session, by a written declaration of a party or parties to the effect that the mediation proceedings are terminated.

15.    **Exclusion of Liability.**  The Mediator is not a necessary or proper party in judicial proceedings relating to mediation.  Neither Mediator nor any law firm employing Mediator shall be liable to any party for any act or omission in connection with any mediation conducted under these rules.

16.    **Interpretation and Application of Rules.**  The Mediator shall interpret and apply these rules.

17.    **Fees and Expenses.**  The Mediator's daily fee shall be agreed upon prior to mediation and shall be paid in advance of each mediation day.  The expenses of witnesses for either side shall be paid by the party producing such witnesses.  All other expenses of the mediation, including fees and expenses of the Mediator, and the expenses of any witness and the cost of any proofs or expert advice produced at the direct request of the Mediator, shall be borne equally by the parties unless they agree otherwise.

EXHIBIT A TO ORDER FOR REFERRAL TO MEDIATION -- Page 2

UNITED STATES DISTRICT COURT
Northern District of Texas

**Alternate Dispute Resolution Summary**

1.  Style of case:   Ahluwalia Associates D/B/A iTrustXForce v. Veolia North America

2.  Civil action number:   *4:24-cv-616-Y*  2a.  Date of Mediation: _____

3.  Nature of suit:_____

4.  Method of ADR used: _____ Mediation   _____ Mini-Trial _____ Summary Jury Trial

5.  Did the case settle?   _____ Before ADR _____ In ADR   _____ Did Not Settle

6.  What was your total fee?_____

7.  Please list persons in attendance (including party association, i.e., defendant, plaintiff):

    (Provider) Magistrate Judge Hal R. Ray Jr.         _____

    _____         _____

    _____         _____

    _____         _____

8.  Please provide the names, addresses, and telephone numbers of counsel:

    Name:_____         Name:_____

    Address:_____         Address:_____

    _____         _____

    Phone:_____         Phone: _____

    Name:_____         Name:_____

    Address:_____         Address:_____

    _____         _____

    Phone:_____         Phone: _____

_____         _____
Signature of Provider: Magistrate Judge Hal R. Ray Jr.     Date
501 West 10th Street, Room 520
Fort Worth, Texas 76102
817-850-6690                                           EXHIBIT "B" TO MEDIATION ORDER  --  Page Solo

**<span style="color:red">PROVIDER MUST ELECTRONICALLY FILE COMPLETED FORM
WITH THE U.S. DISTRICT CLERK NO LATER THAN KEYBOARD(7 days from mediation), OR SEVEN
DAYS FOLLOWING MEDIATION, WHICH EVER OCCURS FIRST,
IF UNABLE TO DO SO, RETURN FORM TO PLAINTIFF'S COUNSEL FOR FILING.</span>**

**[Revised 5-3-10]**